was a domestic corporation; that it was subject to supervision, examination and control by the state banking department; that the bank became insolvent; that through such insolvency claimant lost the moneys deposited by her; that the directors of said bank were guilty of neglect of duty, wrongful acts and crimes set forth in detail; that the officials of the state banking department participated in or were privy to the commission of many of such wrongful acts; that these officials were themselves guilty of neglect of duty and positive wrong in connection with the examination and supervision of the bank; that they published statements concerning the solvency of the bank which were false and known to them to be false; and that the various omissions and wrongs committed by the officers of the bank and by the officials of the state banking department were the cause of the losses occasioned claimant. The Appellate Division held that no legal claim existed against the state and that the enabling act (L. 1919, ch. 418) did not acknowledge a moral obligation upon the theory of honor or justice.

*Ralph E. Hemstreet, John Woodward, Max D. Steuer, Thomas A. Shaw* and *Louis Goldstein* for appellant.

*Carl Sherman, Attorney-General (James Gibson* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Not voting: CRANE, J.

---

WILLIAM L. ACKLEY, Respondent, *v.* JAMES H. ELLIOTT et al., Appellants.

*Contract — provision in deed of standing timber that grantees were not to return upon land once cut over and cleaned up — where grantees have cut and removed soft wood they are properly restrained from re-entering to cut hard wood remaining.*

*Ackley* v. *Elliott*, 198 App. Div. 965, affirmed.

(Argued January 15, 1923; decided January 30, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department,

entered July 1, 1921, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial. The action was brought to enjoin the defendants from cutting certain timber on plaintiff's land, which they claimed the right to cut under a certain deed from plaintiff. They had already cut and removed the soft wood from the tract, the question being whether they could again re-enter and cut and remove the hard wood. The Appellate Division held that the instrument was a deed of certain standing timber, subject to the conditions and limitations that the timber conveyed should be cleaned up and removed as it was cut, and the grantees were not to return upon any portion of the premises so cleaned up after they were once cut over and that such timber was to be cut and removed within seven years. The grantees, therefore, would lose their right to take the standing timber after seven years had elapsed, and if they failed to clean up the timber they had bought, when the premises were first cut over.

*D. J. Seubert* for appellants.

*Albert T. Wilkinson* for respondent.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE NORTH RIVER STEAMBOAT COMPANY, Respondent, *v.* THE HOME INSURANCE COMPANY, Appellant.

*Marine insurance — contract — provision in policy limiting use of vessel to certain waters but with permission to go into drydock — policy covers vessel while in nearest available drydock though outside district limited in policy.*

*North River Steamboat Co.* v. *Home Ins. Co.*, 200 App. Div. 915, affirmed.

(Argued January 15, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,